CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 27 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 7:16-cr-30026 |
| v. ) | |
| ) | |
| MICHAEL JONES, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendants. ) | United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on various pretrial motions. Given scheduling conflicts among counsel for the thirteen defendants in this case, the court held two hearings to address the pending motions. On March 21, 2017 defendants Anthony Day, Ronnie Nicholas, and Clifford Jennings appeared with counsel. Defendant Shawn Smith was unable to attend because he was receiving inpatient medical treatment, but Smith's counsel was present on his behalf. On March 23, 2017, defendants Michael Jones, Michael Dove, Terrance Brown, Corey Owens, James Bumbry, and Shonda Jones appeared with counsel. Defendants Christine Kelly and Jaymese Jones appeared telephonically and their counsel were present in the courtroom.[1] All parties at both hearings were given the opportunity to provide input on any pending motions.

---

[1] Prior to the hearing, the court granted Jaymese Jones and Kelly's motion to appear by telephone, in which they expressly waived their right of personal appearance.

1. **Brown's Motion to Withdraw as Counsel.**

On March 8, 2017, Brown filed a motion to withdraw as counsel. ECF No. 231. Prior to the March 23 hearing, Brown was represented by Dana R. Cormier. Upon receipt of discovery in this case, Cormier realized that his representation of Brown presented a conflict or potential conflict of interest under Rules 1.7 and 1.9 of the Virginia Rules of Professional Conduct, which govern the duties lawyers practicing in Virginia owe to current and former clients. In anticipation of granting Brown's motion to withdraw, the court requested the presence of Paul Beers at the March 23 hearing. In light of Cormier's description of his conflict or potential conflict of interest, the court granted Brown's motion and appointed Beers to represent Brown under the Criminal Justice Act, 18 U.S.C. § 3006A(c) ("[T]he court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings."). Beers argued on behalf of Brown for the remainder of the hearing.

2. **Brown's Oral Motion for a Bill of Particulars.**

Following appointment of new counsel, Brown made an oral motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, requesting the government to provide information to defendants as to the location of the conduct alleged in the indictment.[2] ECF No. 256. Brown seeks this information to determine if venue for this case is appropriate in the Western District of Virginia.

---

[2] Defendant Michael Dove also filed a motion for a bill of particulars, ECF No. 189, but withdrew that motion during the March 23 hearing because he had a meeting scheduled with the government to address this issue.

2

Counts Three through Nine of the indictment, which charge firearm offenses and violent crimes in aid of racketeering,[3] state that the conduct alleged therein occurred "in the Western District of Virginia, Eastern District of Virginia and elsewhere." ECF No. 19, ¶¶ 25, 27, 29, 32, 34, 36, 28. Counts One and Two, which charge racketeering conspiracy and drug conspiracy violations,[4] similarly state that the conduct alleged in those counts occurred "in the Western District of Virginia and elsewhere." ECF No. 19, ¶¶ 14, 19. Given the multi-district geographic scope of the allegations in the indictment, Brown asks the government to describe with particularity the evidence supporting proper venue in the Western District of Virginia. The government opposes the motion, arguing that the 50,000 plus pages of discovery provided to Brown include the locations of the conduct alleged in the indictment.

"[T]he granting or denial of a bill is within the court's discretion." United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987). "It is settled that the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial …" United States v. Schembari, 484 F.2d 931, 934–35 (4th Cir. 1973). A bill "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). However, "in order for the defendant to be on proper notice it will often be necessary for the government to disclose the time and place of the

---

[3] Specifically, counts Three and Six of the indictment charge Brown and Dove with committing violent crimes in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3), 2. Counts Four, Five, Seven, Eight, and Nine charge Brown, Dove, and Owens with firearm offenses in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(iii).

[4] Count One charges Michael Jones, Smith, Dove, Brown, Jennings, Day, Bumbry, and Nicholas with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Count Two charges all thirteen defendants in this case with drug conspiracy in violation of 18 U.S.C. § 846.

3

alleged offense." 1 Wright and Miller, Fed. Prac. & Proc. Crim. § 130 (4th ed.). There is a long history of courts directing the government to provide a bill of particulars where the location of the alleged criminal conduct is unclear in the indictment. See, e.g., United States v. Mohammad, No. 1:10CR389, 2012 WL 4483544, at *10 (N.D. Ohio Sept. 27, 2012) (requiring government to provide "dates and places that [defendant] is alleged to have committed any offenses that were in furtherance of the conspiracy."); United States v. Lonzo, 793 F. Supp. 57, 59 (N.D.N.Y. 1992) ("[I]n accordance with the past practice of this Court, the location of 'elsewhere' shall be provided to Lonzo by the Government."); United States v. Billups, 522 F. Supp. 935, 950 (E.D. Va. 1981) (court granted bill as to location of crimes where indictment merely stated offenses occurred in "the Eastern District of Virginia and elsewhere"); United States v. Giramonti, 26 F.R.D. 168, 169 (D. Conn. 1960) (directing government to furnish the "exact place at which the alleged crime was alleged to have been committed").

In this case, Brown seeks information relevant to determining whether an objection to venue is warranted. If a defendant fails to raise a venue objection before trial, he risks waiving the ability to raise the objection at the close of evidence or on appeal. See United States v. Melia, 741 F.2d 70, 71 (4th Cir. 1984) (A venue "objection must be made before trial [only if] the defect is apparent on the face of the indictment."); but see United States v. Stewart, 256 F.3d 231, 238 (4th Cir. 2001) (suggesting that defendant's pretrial motion for a bill of particulars as to venue would preserve a venue objection on appeal). Therefore, in order to sufficiently prepare for trial and avoid the potential of waiving venue rights, defendants might need more specific venue-related information than is included in the

4

indictment. See Schembari, 484 F.2d at 934–35 (purpose of a bill of particulars is to allow defendants to sufficiently prepare for trial). To determine what additional information, if any, would shed light on the venue issues in this case, the court considers the facts set forth in the indictment and the law governing proper venue for each count. United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001) ("When multiple counts are alleged in an indictment, venue must be proper on each count.").

Venue for Counts One, Two, and Nine is governed by the rules applicable to conspiracies:

> In a conspiracy case, the Supreme Court has long held that venue is proper in any district in which a conspirator performs an overt act in furtherance of the conspiracy or performs acts that effectuate the object of the conspiracy, even though there is no evidence that the defendant had ever entered that district or that the conspiracy was formed there.

United States v. Mitchell, 70 F. App'x 707, 711 (4th Cir. 2003) (citing Hyde v. United States, 225 U.S. 347, 356–67 (1912). The Fourth Circuit "has repeatedly held that the overt act of one conspirator in a district suffices to establish venue for all other co-conspirators in that district. … [In fact,] insubstantial acts such as telephone calls to the district have served to establish venue in conspiracy cases." Mitchell, 70 F. App'x at 711. In this case, the indictment alleges some overt acts occurred exclusively within the Western District of Virginia. See, e.g., ECF No. 19, ¶ 13(m). Therefore, the government need not provide additional information as to the location of the conduct alleged in Counts One, Two, and

5

Nine as the furnishing of such information is not necessary for the defendants to sufficiently prepare for trial.[5]

Venue for Counts Three through Eight is governed by the Fourth Circuit's decision in United States v. Umana, 750 F.3d 320 (4th Cir. 2014), which examines proper venue for violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959.[6] The Umana court held that § 1959(a) "includes as an element an objective, physical act that links the defendant with the enterprise with respect to the underlying violent crime and that this element is a conduct element supporting venue." 750 F.3d at 335. As stated, Counts Three through Eight merely state that the alleged conduct occurred "in the Western District of Virginia, Eastern District of Virginia and elsewhere." Specific information as to the location of "physical act[s] that link[] the defendant with the enterprise with respect to the underlying violent crime" is absent from the indictment.

Given the risk of waiving venue rights if an objection is not raised before trial, this information is necessary for the defendants to sufficiently prepare for trial. Accordingly, the

---

[5] Count Nine charges possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). "Venue for § 924(c) prosecutions is appropriate wherever the underlying crime of violence took place." United States v. Umana, 750 F.3d 320, 336 (4th Cir. 2014). The underlying drug trafficking crime charged in Count Nine is the drug conspiracy charged in Count Two. As such, the conspiracy venue rules that apply to Count Two also apply to Count Nine. See United States v. Smith, 452 F.3d 323, 336 (4th Cir. 2006) (venue was proper for § 924(c) offense in district where some acts in furtherance of the drug conspiracy occurred, and the drug conspiracy was the underlying crime for the § 924(c) charge). To the extent the court indicated its intention to grant a bill of particulars as to Counts Three through Nine at the March 23 hearing, the court now corrects that oral statement.

[6] Counts Three and Six charge § 1959 violations, and Counts Four, Five, Seven, and Eight charge use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Here, the crime of violence underlying Counts Four and Five is the violent crime charged in Count Three, and the crime of violence underlying Counts Seven and Eight is the violent crime charged in Count Six. Therefore, venue for the § 924(c) charges in Count Four, Five, Seven, and Eight is proper only if venue for the violent crimes in aid of racketeering charged in Counts Three and Six is proper. Umana, 750 F.3d at 336.

6

court directs the government to file a bill of particulars on or before April 15, 2017 detailing the evidence that supports venue in the Western District of Virginia for Counts Three through Eight of the indictment.[7]

### 3. Bumbry's Motion to Sever.

Bumbry filed a motion to sever pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure on February 17, 2017, ECF No. 221, which he amended on February 28, 2017, ECF No. 227. The government opposes the motion. ECF No. 239.[8] Rule 14(a) allows severance where a joint "trial appears to prejudice a defendant or the government." A "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

As the court stated during the March 23 hearing, whether a joint trial would prevent the jury from making a reliable judgment about Bumbry's guilt or innocence is a fact-

---

[7] Contrary to the government's argument, providing 50,000 plus pages of discovery that includes information of the location of the conduct alleged in Counts Three through Eight does not defeat the need for a bill of particulars. See United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) (The government does not provide a defendant sufficient notice of the charges "merely by providing mountains of documents to defense counsel who were left unguided as to which documents" are relevant); United States v. Urso, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005) (A "bill of particulars is appropriately granted where the government's pre-trial discovery disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused."). The court appreciates the government's willingness to meet individually with defense counsel to walk through the evidence giving rise to venue in this district. However, the court cannot be sure that such meetings would resolve the concerns raised in Brown's motion. The Scheduling Order requires motions challenging venue to be filed by May 11, 2017. ECF No. 245. Directing the government to file a bill of particulars by April 15, 2017 insures that the defendants will receive the necessary information to timely file venue motions.

[8] In light of the amended pleading, the court will grant the government's motion to withdraw its response to Bumbry's first motion to sever. ECF No. 226.

7

intensive inquiry, requiring the court to consider Bumbry's relationship with the alleged coconspirators. The deadline for the government to provide defendants with discovery has not yet passed, so Bumbry may not yet be aware of the full scope of the evidence regarding his role in the alleged conspiracy. Therefore, the court will take this motion under advisement until after the government provides substantially all discovery to the defendants in this case.[9]

An appropriate Order will be entered.

Entered: 03-24-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[9] In the Scheduling Order entered on March 15, 2017 the court set June 1, 2017 as the deadline for the government to substantially complete all pretrial discovery and set May 11, 2017 as the deadline for motions to sever and objections to venue. ECF No. 245. At the March 23 hearing, Michael Jones asked the court to require discovery to be complete by May 1, 2017 to allow defendants to meet the May 11 deadline. The government opposed this request, but also stated that it had already complied with its obligations under Rule 16. As defendants have already received the bulk of discovery, the court will grant Michael Jones' request and reset the deadline for the government to substantially complete discovery by May 1, 2017.

8